IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY CHRISTOPHER McWHORTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 2:11cv788-MEF<br>(WO) |

**O R D E R**

After careful review of the record in this case, and for the reasons indicated below, the court deems it appropriate to allow the petitioner to show cause why his 28 U.S.C. § 2255 motion should not be dismissed because it was not filed within the one-year limitation period in 28 U.S.C. § 2255(f).

Following a trial in May 2009, a jury found the petitioner guilty of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). On September 3, 2009, the district court sentenced the petitioner to 13 months in prison on Count 1 and 60 months on Count 2, the terms to run consecutively.

The petitioner timely appealed to the Eleventh Circuit, and on June 2, 2010, that court issued an opinion affirming the petitioner's convictions and sentence. *See United States v. McWhorter*, 380 Fed. App'x 965 (11th Cir. 2010) (unpublished). The appellate court issued the mandate in the appeal on July 1, 2010. The petitioner did not file a petition for certiorari

review with the Supreme Court.

On September 8, 2011, the petitioner, proceeding *pro se*, filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for filing a § 2255 motion begins from the latest date of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the petitioner did not file a petition for certiorari with the Supreme Court. In that circumstance, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of

---

[1] Although the petitioner's § 2255 motion was stamped "received" in this court on September 22, 2011, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, September 8, 2011, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.  *See* Sup.Ct. R. 13(3).

In this case, the Eleventh Circuit entered its judgment on the appeal on June 2, 2010 – the date on which it issued its opinion affirming the petitioner's convictions and sentence. Although the Eleventh Circuit issued the mandate in the appeal on July 1, 2010, "under Supreme Court Rule 13(3), the date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255." *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003).  "[T]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." *Clay*, 537 U.S. at 527 (rejecting the idea that, when a federal prisoner does not seek certiorari, a conviction becomes "final" for purposes of § 2255 upon issuance of the mandate by the appellate court).

As noted, the Eleventh Circuit issued its opinion affirming the petitioner's convictions and sentence on June 2, 2010.  The petitioner had until 90 days later, or August 31, 2010, to file a petition for certiorari.  Thus, the  petitioner's conviction became "final" for purposes of § 2255 on August 31, 2010.  He had one year from that date, until August 31, 2011, to file a timely motion for postconviction releif under 28 U.S.C. § 2255.  However, he did not file his § 2255 motion until September 8, 2011.  It therefore appears that the petitioner failed to file his § 2255 motion within the one-year limitation period.

Accordingly, it is

**ORDERED that on or before December 9, 2013**, the petitioner shall show cause

why his § 2255 motion should not be dismissed because it was not filed within the one-year limitation period contained in 28 U.S.C. § 2255(f).

    Done this 19th day of November, 2013.

                                             /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE