IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY CHRISTOPHER McWHORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv788-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

Following a jury trial in May 2009, the petitioner, Jeremy Christopher McWhorter ("McWhorter"), was convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). On September 3, 2009, the district court sentenced McWhorter to 13 months in prison on Count 1 and 60 months on Count 2, the terms to run consecutively.

McWhorter timely appealed to the Eleventh Circuit,[1] and on June 2, 2010, that court issued an opinion affirming his conviction and sentence. *United States v. McWhorter*, 380

---

[1] On appeal, McWhorter presented claims that the district court (i) erred in denying his motion to reopen the suppression hearing and (ii) erroneously applied an obstruction of justice enhancement at sentencing.

Fed. App'x 965 (11th Cir. 2010) (unpublished).  The appellate court issued the mandate in the appeal on July 1, 2010.  McWhorter did not file a petition for certiorari review with the Supreme Court.

On September 8, 2011, McWhorter, proceeding *pro se*, filed this 28 U.S.C. § 2255 motion (Doc. No. 1)[2] in which he raises various claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and trial error.  After due consideration, this court concludes that an evidentiary hearing is not required and that McWhorter's motion should be denied because it is time-barred by the one-year limitation period applicable to § 2255 motions.[3]

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of–

---

[2] Although the § 2255 motion was stamped "received" in this court on September 22, 2011, under the "mailbox rule," the court deems the motion filed on the date McWhorter delivered it to prison authorities for mailing, presumptively, September 8, 2011, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] A district court may consider the statute of limitations bar sua sponte if the Government does not deliberately waive the limitations defense. *Wood v. Milyard*, ___ U.S. ___, 132 S.Ct. 1826, 1830 (2012); *Day v. McDonough*, 547 U.S. 198, 202 (2006).  Here, there is no indication that the Government deliberately waived the statute of limitations defense.  Although the Government's response stated, in part, that McWhorter's § 2255 motion is "timely under limitation period in § 2255(f)(1)," that statement indicates, at most, a mistaken belief that the motion was timely, rather than a deliberate waiver of the limitations defense.

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Here, McWhorter did not file a petition for certiorari with the United States Supreme Court after the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. In that circumstance, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion. *See* Sup.Ct. R. 13(3).

The Eleventh Circuit entered its judgment on McWhorther's appeal on June 2, 2010 – the date on which it issued its opinion affirming McWhorter's conviction and sentence. McWhorter did not file a petition for rehearing. Although the Eleventh Circuit issued the mandate in the appeal on July 1, 2010, "under Supreme Court Rule 13(3), the date of the

3

issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255." *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003).[4] "[T]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." *Clay*, 537 U.S. at 527 (rejecting the idea that, when a federal prisoner does not seek certiorari, a conviction becomes "final" for purposes of § 2255 upon issuance of the mandate by the appellate court).

As noted, the Eleventh Circuit issued its opinion affirming McWhorter's conviction and sentence on June 2, 2010. McWhorter had 90 days, or until August 31, 2010, to file a petition for a writ of certiorari with the Supreme Court. He did not, however, seek certiorari review. Therefore, his conviction became final for purposes of § 2255 on August 31, 2010. *See* 28 U.S.C. § 2255(f)(1); *Clay*, 537 U.S. at 525. He had one year from that date, or until August 31, 2011, to file a timely motion for relief under 28 U.S.C. § 2255. However, he did not file his § 2255 motion until September 8, 2011. Consequently, his motion is untimely

---

[4]Rule 13(3) of the Supreme Court Rules provides:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup.Ct. R. 13(3).

pursuant to § 2255(f)(1).

This court entered an order affording McWhorter an opportunity to show cause why his § 2255 motion should not be barred as untimely under the one-year limitation period. Doc. No. 22.  However, McWhorter has filed nothing in response.[5]

The one-year limitation period for filing a § 2255 motion may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004).  As the Supreme Court reiterated in *Holland v. Florida*, 130 S.Ct. 2549 (2010), "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 130 S.Ct. at 2562.  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Here, McWhorter has not raised an equitable-tolling argument.  Therefore, he has not met his burden of establishing that extraordinary circumstances and due diligence warrant equitable tolling of the limitation period in his case, and his § 2255 motion is time-barred under the one-year limitation period in § 2255(f)(1).

### III.  CONCLUSION

---

[5] Thus, McWhorter has not argued – or demonstrated – that any of the exceptions specified in 28 U.S.C. § 2255(f)(2)-(4) apply in his case such that the one-year limitation period started to run at some time after "the date on which the judgment of conviction bec[ame] final," § 2255(f)(1).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice, because the motion is untimely.  *See* 28 U.S.C. § 2255(f)(1).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 22, 2014.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of January, 2014.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE